BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorneys for Defendant
HENRY LO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No. CR 14-00442 WHO |
|---|---|
| v. | DEFENDANT HENRY LO'S REPLY TO UNITED STATES' SENTENCING MEMORANDUM AND SENTENCING REPLY |
| HENRY LO, | |
| | Date:  March 12, 2015<br>Time:  1:30 pm<br>Courtroom:  Hon. William H. Orrick |

Defendant Henry Lo respectfully submits this reply to the United States' Sentencing Memorandum and Sentencing Reply.

**I.    The Nature and Circumstances of the Offense**

The government asks this Court to ignore the nature and circumstances of the offense and instead to accept only its view of those circumstances, a view considerably colored by the plaintiffs in the civil lawsuit that generated this criminal proceeding. Reply at 2. Whether or not it is appropriate for the Government to act as an advocate for civil plaintiffs in this criminal proceeding,[1] it is the role

---

[1] The government cites in its Sentencing Memorandum and in its Reply various pleadings from the civil lawsuit and makes various claims of misconduct by Lo in those proceedings. *See* Sent. Mem. at 4-5; Reply at 3. None of those claims have been proven. Moreover, defense counsel did not participate in any of the civil proceedings and has only recently been provided with any of the materials from the civil case. *See* Second Declaration of Martha Boersch.

of this Court to consider the nature and circumstances of the offense even if the government refuses to do so. Notably, the government does not dispute any specific facts but merely protests that they are "simply unsupported contentions made by Lo" and the "unsworn and unsupported" position of Lo's civil attorney. Reply at 2. Sentencing proceedings are not, however subject to the Federal Rules of Evidence and, of course, much of the information provided by the government is of the same sort, the unsworn hearsay allegations of various people involved in the civil litigation.

## II.     The History and Characteristics of the Defendant

The government does not dispute that Lo has no prior criminal history but says that even though he has no prior convictions, the Court ought to treat him as if he did because this fraud occurred over a period of time. The Court should reject such sophism. A defendant has no criminal history if he has no prior convictions. Lo has no prior convictions. Every fraud case in federal court occurs over a period of time, but that does not mean that every defendant convicted of fraud has a "prior criminal history" or should be treated as if he did.

The crux of the government's sentencing memorandum and reply is its effort to have the Court punish Lo for what it claims is new evidence of wrongdoing. The last-minute allegations put forth by the government are just that – allegations – and Lo disputes them. Lo also objects to the government's "sand-bagging" the defense with these allegations. The government correctly but misleadingly states that "the United States provided Lo with discovery regarding" these new allegations. That is true, but the government did *not* provide that discovery until *after* Lo filed his sentencing memorandum and objected to the lack of discovery. *See* Second Declaration of Martha Boersch. And, while the government has apparently known of the allegations since at least February, it did not at that time provide any discovery to Lo nor did it bring it to the attention of the Court or Mr. Lo's Pretrial Services Officer.

The government also tries to argue that Lo has not accepted responsibility because he disputes these new allegations. Perhaps the government has forgotten that there is a presumption of innocence in this country, even for individuals who have previously committed a crime. Furthermore, the government fails to note that the case it relies upon states that conditioning a defendant's acceptance of responsibility *for the offense of* conviction on his admission to uncharged and unproven allegations

would implicate his Fifth Amendment and other rights. *United States v. Piper*, 918 F.2d 839, 840 (9th Cir. 1990) (conditioning acceptance of responsibility on defendant's admission of crimes for which he has not been convicted may violate Fifth Amendment rights). Lo has clearly accepted responsibility for his offense of conviction, indeed he admitted to it long before the government began its prosecution.

### III. The Sentence Requested by the Government Would Create Significant Sentencing Disparity in this District

The government contends that its requested sentence of five years imprisonment would fulfill the statutory sentencing factors. Gov. Sent. Mem. At 9-10. However, the government ignores one of those factors, which is the need for the sentence imposed to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).[2] Incarcerating Lo for 5 years, as requested by the government, would create such disparity, while the sentence requested by Lo would be in line with recent sentences in this District for defendants charged with similar offenses.

Since the Supreme Court held that the Sentencing Guidelines are advisory only, district courts have gradually accepted their traditional role of exercising discretion at sentencing. *See generally Pepper v. United States*, 131 S.Ct. 1229, 1235-36 (2011). In this District, defendants with no criminal history who have also been charged with fraud-related criminal violations with losses of between $1.8 million and $12 million have received sentences of less than 14 months imprisonment. *See, e.g. United States v. Besser*, CR 12-00875 WHA (defendant charged with false statement on SBA loan application resulting in loss of $1.8 million sentenced to three months); *United States v. Nimer Anton Massis,* CR 13-00666 EMC (defendant charged with similar conduct sentenced to 8 months); *United States v. Ghazvini*, CR 12-00660 CW (defendant charged with embezzlement of approximately $1.8 million sentenced to 6 month imprisonment and 6 months in a halfway house; codefendants sentenced to probation); *United States v. Goldfarb,* CR 11-00099 WHA (defendant charged with defrauding hedge fund investors of approximately $12 million sentenced to 14 months

---

[2] The government also ignores Congress's directive that the sentence be "sufficient, but not greater than necessary" to comply with the stated purposes.

imprisonment); *United States v. Nosal,* CR 08-00237 EMC (defendant convicted after trial of theft of trade secrets and unlawful access of a computer sentenced to one year and a day).

### IV.   There is no Legal Basis for a Forfeiture Order

There is no legal basis for a forfeiture order in this case and the defendant objects to such an order for the reasons stated in his Sentencing Memorandum.  The government dismissively states that "none" of Lo's objections have merit, and yet, *after* Lo filed his sentencing memorandum and three days before sentencing, the government filed an Application for a Preliminary Order of Forfeiture in response to Lo's argument that the government's request for forfeiture violated Fed. R. Crim. P. 32.2.  The filing of such an application – *after* the Plea Agreement was entered without a provision for forfeiture, *after* the Presentence Report was finalized, *after* Lo filed his sentencing memorandum, and a mere three days before sentencing – does not comply with the provisions of Rule 32.2(b) ("as soon as practicable" after a plea of guilty, the Court must determine what property is subject to forfeiture under the applicable statute and whether the government has proven the requisite nexus).

Furthermore, the government's reliance on *Libretti v. United States*, 516 U.S. 29 (1995) is misplaced.  First, *Libretti* involved a plea agreement in which the defendant *agreed* to forfeiture of particular assets.  516 U.S. at 33-34.  Not so here.  Second, *Libretti* was decided before Rule 32.2's procedural provisions were enacted in 2000 and concerned a predecessor rule, Rule 31(e).  Third, the Ninth Circuit has recognized that even if Lo had agreed to forfeit a specific amount or specific property in his plea agreement, the Court must still ensure that the government has provided an adequate factual basis for such a forfeiture.  *United States v. Newman*, 659 F.3d 1235, 1245-46 (9th Cir. 2011); *see also Libretti*, 516 U.S. at 365 (even where there is an agreed forfeiture under the old rules, the Supreme Court did not "mean to suggest that a district court must simply accept a defendant's agreement for forfeit property").  Finally, the Ninth Circuit has held that a defendant can be ordered to forfeit only property "purchased with the proceeds of the crimes *for which [he] was convicted.*" *United States v. Adams*, 189 Fed.Appx. 600, 602 (9th Cir. 2006).  Ignoring this Circuit precedent, the government instead relies on decision from other circuits (*see* Gov. Sent Rep. at 9-10), decisions which are, in any event distinguishable as they involved guilty pleas in which the defendants agreed to forfeitures beyond the offenses of conviction (*see United States v. Venturella*,

585 F.3d 1013, 1016 (7th Cir. 2009), or forfeiture orders after a finding by a jury or a properly noticed judicial proceeding in which the government met its burden of proof (*see United States v. Hasson,* 333 F.3d 1264 (11th Cir. 2003) (jury verdict); *United States v. Emor,* 850 F. Supp.2d 176 (D.D.C. 2012) (evidentiary hearing)).  In sum, the government's forfeiture efforts here shirk its obligations under the law to afford the defendant the Due Process and notice to which he is entitled.

### V.     There is no Legal Basis for Lo's Remand Upon Sentencing

Lo has been subject to both civil litigation and criminal proceedings as a result of his conduct since October 2012.  He has remained in this district, he has made every court appearance, he has fully complied with the terms of his supervised release, and he has steadily made efforts to repay his individual victim.  He is, as the Probation Officer notes, a good candidate for voluntary surrender and he should be allowed to voluntarily surrender.

The government's request for remand is based entirely on its "new" allegations that remain unproven by any standard and that Lo disputes.  *See supra*.  With respect to the government's speculation that Lo violated a Protective Order in the civil proceedings, there has been no determination that Lo in fact violated that order (which contained an exception for Lo's ordinary and necessary living expenses) or the circumstances of the execution of the interspousal deed.  Under these circumstances there is nothing to rebut the fact that Lo is neither a flight risk nor a danger to the community.

### **CONCLUSION**

For the forgoing reasons, and based on the record herein, the defendant respectfully requests that he be sentenced to a term of imprisonment of 12 months and one day, ordered to pay restitution of $1.7 million, and required to serve a period of community service during the term of his supervised release, as determined by the Court.

Dated:  March 10, 2015                BOERSCH SHAPIRO LLP

*/s/  Martha Boersch*
MARTHA BOERSCH
Attorney for Defendant Henry Lo