BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorneys for Defendant
HENRY LO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HENRY LO, | Case No. CR 14-00442 WHO<br><br>DEFENDANT HENRY LO'S SUPPLEMENTAL REPLY TO UNITED STATES' SENTENCING MEMORANDUM AND SENTENCING REPLY<br><br>Date: March 26, 2015<br>Time: 1:30 pm<br>Courtroom: Hon. William H. Orrick |

Defendant Henry Lo respectfully submits this Supplemental Reply to the United States' Sentencing Memorandum and Sentencing Reply, pursuant to the Court's order (Dkt. # 42).

**I. The Forfeiture**

Mr. Lo reiterates the previous arguments he has made with regard to the deficiencies of the government's effort to forfeit the community property of Mr. Lo and his wife. Mr. Lo does not dispute that the Court can and must order restitution in this case. The issue, however, is whether the government's effort to forfeit the home of Mr. Lo and his wife, or the proceeds of the sale of that home, is lawful. As the government itself notes, forfeiture and restitution are not the same and each serves a different function and requires a different showing by the government. Gov. Sent. Mem. at 13-14.

As noted before, Mr. Lo did not agree to forfeit any property, including the home, in his plea agreement, and there has been no jury or court finding that the home is the proceeds of Mr. Lo's offense. *See* Fed. R. Crim. P. 32.2(b)(1) (government must show and court must find the "requisite nexus" between the property and the offense). The alleged forfeiture statute requires the government to prove that the property to be forfeited is the "proceeds" of the specific offense(s) of conviction. *See* Indictment ¶ 39; 28 U.S.C. § 981(a)(1)(C) (government can forfeit property "which constitutes or is derived from proceeds traceable to a violation" of specific provisions). The government here has not, and cannot, show that the home is the proceeds of the three criminal counts to which Mr. Lo has pled guilty. *United States v. Adams*, 189 Fed.Appx. 600, 602 (9th Cir. 2006) (defendant can be ordered to forfeit only property "purchased with the proceeds of the crimes *for which [he] was convicted*").

The home was in fact purchased with the proceeds of the sale of prior homes beginning in April 2003, at a time before any of the alleged conduct in this case. *See* Exhibit A (closing statements). On April 9, 2003, Mr. and Mrs. Lo sold their property on 1601 Monterey Boulevard. Ex. A (Seller's Settlement Statement, 1601 Monterey). From the proceeds of that sale, $2,526,256.57 were deposited into escrow. *Id.* On that same day, they purchased 2715 Scott Street, depositing into escrow $2,526,256.57 from the sale of 1601 Monterey. *Id.* (Buyer's Final Settlement Statement. 2175 Scott Street). On June 12, 2012, Mr. and Mrs. Lo sold the Scott Street property, depositing into escrow $2,100,000.00 of the proceeds. *Id.* (Final Settlement Statement, 2715 Scott Street). On June 15, 2012, they purchased 55 San Fernando Way, depositing into escrow the $2,100,000.00 proceeds from the sale of Scott Street for the purchase. *Id.* (Buyer's Final Settlement Statement, 55 San Fernando Way). Thus, the property the government is attempting to forfeit for the Bank is not the proceeds of Mr. Lo's offenses of conviction, or even of the offenses for which he was originally charged.

The government has also apparently suggested to counsel for Mrs. Lo that it may seize the proceeds of the sale of the house and pay the funds over to Square 1 Bank under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. Square 1 Bank is not, however, the victim of the offenses to which Mr. Lo pled, and the government's efforts to seize the proceeds on behalf of the

Bank should therefore be rejected. *See* § 3663A(a)(2) (victim means someone "directly and proximately harmed as a result of the commission of the offense"). Restitution can be ordered to someone other than the victim only if agreed to in a plea agreement, which is not the case here. *Id*. § 3663A(3). More importantly, Mrs. Lo has her own individual community property interest in those proceeds, and until an order of restitution has been entered and Mrs. Lo afforded the opportunity to contest the seizure of her property, the government has asserted no legal basis to take *her* property.

**II. The Alleged Fraudulent Transfer**

The government alleges that Mr. Lo violated a temporary protective order ("TPO") issued by Magistrate Judge Corley in a civil case brought by Square 1 Bank by allegedly fraudulently transferring his interest in his residence to his wife. However, the government has not demonstrated either a violation of the TPO nor a fraudulent transfer.

The Bank applied for the TPO in this case pursuant to the provisions of the California Code of Civil Procedure § 484.010 *et seq*. *See Square 1 Bank v. Henry Lo, et al.*, No. CV 12-05995-JSC (Dkt. # 54). Under California law, the TRO expired at the earlier of 40 days after the issuance of the TRO (unless it was renewed by a temporary injunction) or upon the filing of a levy of attachment by the Bank on the specific property at issue. C.C.P. 486.090(a) and (b). Neither the government nor the Bank has submitted any evidence of an extension or a levy of attachment within those 40 days, nor has the Bank made any effort to enforce the TPO in the civil proceedings.

Magistrate Corley in her order actually denied the Bank's motion for the TPO "in the form submitted" by the Bank and instead issued the order in question and stated that it shall remain in effect "until further order of this Court." However, it is unclear under what authority, if any, that order was issued as none is cited in the order itself. Ordinarily, temporary restraining orders in federal court are issued pursuant to Fed. R. Civ. P. 65 and they remain in effect only until a hearing for permanent injunctive relief, which did not occur here.

The order is styled as a "temporary" protective order, so it is unclear whether it was meant by the parties to be an injunction. But injunctive relief is not available unless the plaintiff makes a specific showing, because injunctive relief is "an extraordinary remedy never awarded as of right."

*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008). There is no evidence in this case that Magistrate Corley's order was properly issued as an injunction under Rule 65, and therefore that it has or retains any legal effect.

With respect to the allegation that Mr. Lo's transfer was a fraudulent transfer, the government has also failed to make the requisite showing. Under California law, a transfer cannot be a fraudulent transfer unless the transferor is a debtor under the Uniform Fraudulent Conveyance and Transfer Act and certain other conditions are met. Cal. Civ.Code § 3439.01 *et seq.* The government has not shown that any of the requirements of the UFTA have been met with respect to the transfer nor has Mrs. Lo been provided with an opportunity to be heard and to assert her rights.

In short, there is insufficient evidence in this record to determine whether the TPO was violated or whether the transfer was a fraudulent transfer.

Dated: March 24, 2015

BOERSCH SHAPIRO LLP

*/s/ Martha Boersch*
MARTHA BOERSCH
Attorney for Defendant Henry Lo